IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EUNICE PAYNE DURRETT,

    Plaintiff,

vs.                                      No. 14-2732-JDT-dkv

GMF-SERENITY TOWERS, LLC,
SHEILA HOOKS, and
MEMPHIS HOUSING AUTHORITY,

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On September 18, 2014, the plaintiff, Eunice Payne Durrett ("Durrett"), a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, (Compl., ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). In an order issued on September 22, 2014, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

Durrett's court-supplied complaint form is entitled "Complaint

for Violation of Civil Rights Under 42 U.S.C. § 1983." (Compl., ECF No. 1.) The complaint names GMF-Serenity Towers, LLC, HCV representative Sheilah Hooks, and Memphis Housing Authority as defendants. (*Id.*)

In the "Statement of Claim" section of her complaint against the defendants, Durrett hand-wrote:

> Eunice Payne Durrett requested reasonable accommodations to move to a lower floor several times away from noise because living on the 8th floor was aggrevating [sic] her back. Documentation has been provided to: Mrs. Laverne Perkins, Torrye Thomas, Ms. Sybil Dean from 2013-2014.

(*Id.* ¶ IV.) For relief, Durrett requests, "Pay me for all the pain and suffering mgmt put me through for no reason at all. Writ [sic] me a check to cover the costs." (*Id.* ¶ V.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

2

>    (i)     is frivolous or malicious;
>
>    (ii)    fails to state a claim on which relief may be granted; or
>
>    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S. C. § 1915(e)(2).

B.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant

3

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*,

4

415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Claims Under 42 U.S.C. § 1983</u>

Durrett's only allegation of a violation of her civil rights is found in the title of her court-supplied complaint for violation of civil rights under 42 U.S.C. § 1983. Durrett does not refer to the statute, or any other statute for that matter, anywhere else in her complaint. Nor does she allege any other cause of action in her complaint.

Section 1983 provides in pertinent part:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) first, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

As to the first *prima facie* element, based on the allegations in the complaint, none of the defendants named in the complaint appear to be employees of the county or city or any governmental entity. There are no factual allegations whatsoever in the complaint that reasonably suggest that these defendants engaged in conduct that could be construed as "state action." There are no factual allegations whatsoever as to their place of employment or residence. Thus, Thomas has failed to satisfy the under-color-of-state-law requirement.

6

As to the second *prima facie* element, there are no factual allegations in the complaint that reasonably suggest that Durrett was deprived of a constitutional or statutory right. There is no constitutional or statutory right to live on "a lower floor . . . away from noise."

Thus, Durrett fails to state a claim under 42 U.S.C. § 1983, which is the primary claim in her lawsuit as evidenced by her use of the court-supplied form complaint for violations of § 1983.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Durrett's complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted, and judgment be entered for the defendants.

Respectfully submitted this 30th day of September, 2014.

s/Diane K. Vescovo
DIANE K. VESCOVO

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.